UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD DALE LIGHT,

           Plaintiff,           Case No. 1:14-cv-551

v.                                      Honorable Gordon J. Quist

J. NOVAK,

           Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Ionia Correctional Facility.  In his *pro se* complaint, he sues J. Novak, the law librarian at the Ionia Correctional Facility.  Plaintiff alleges that on August 22, 2013, he submitted a request for the assistance of a legal writer to prepare a motion for relief from judgment in his criminal case.[1]  Plaintiff's request was denied by Defendant Novak on August 26, 2013.  A few days later, Plaintiff asked Prisoner Griffin, who resided in a different housing unit, to assist him with his motion.  Plaintiff and Griffin arranged to meet in the law library on September 21, 2013.  After they arrived in the library, Defendant Novak allegedly told them in a threatening tone that a prisoner cannot receive legal assistance from another prisoner.  Plaintiff explained that he could not prepare his motion without assistance, but Defendant maintained that Griffin could not help Plaintiff and told them to leave the library.  After the incident, Griffin withdrew his assistance out of fear of getting written-up by Defendant Novak.  Plaintiff contends that there is no Michigan Department of Corrections policy, rule or operating procedure prohibiting a prisoner from helping another prisoner with legal work outside the legal writer program.  Plaintiff alleges, "But for the actions of Defendant, Law Librarian J. Novak, Plaintiff would have been able to adequately access the courts, and submit newly discovered evidence which would have exonerated Plaintiff of the crime which he has been falsely convicted of committing." (Compl., docket #1, Page ID#5.)

Plaintiff seeks declaratory and injunctive relief.

---

[1] Only prisoners who are unable to effectively help themselves by using the prison law library or other available legal resources are eligible to receive assistance under the Legal Writer Program.  *See* Michigan Department of Corrections Policy Directive, 05.03.116(P) (eff. 7/21/08).  A prisoner is eligible if: (1) he does not have a GED or high school diploma, (2) does not speak, read or write English, (3) has a documented physical or mental impairment or a learning disability, (4) is undergoing reception center processing, (5) is housed in segregation, or (6) is housed in an inpatient medical unit.  *Id.* at (Q).

**Discussion**

I.      <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff claims that Defendant Novak denied his right of access to the courts by denying his request for a legal writer and then preventing him from receiving assistance from another prisoner with legal experience. Prisoners are not necessarily entitled to "legal writers," but

instead must only be given "meaningful access to the courts," which could be provided through such means as adequate assistance from persons trained in the law or access to adequate libraries. *Taylor v. McKee*, 649 F.3d 446, 452 (6th Cir. 2011) (citing *Bounds*, 430 U.S. at 828). Plaintiff does not explain his need for legal assistance, except that "[he] has no knowledge of laws or preparation of motion, filing of briefs, etc." (Compl., docket #1, Page ID#3.) However, Plaintiff's lack of legal experience, standing alone, does not deprive him of meaningful access to the courts. Plaintiff does not allege why he would be eligible for the assistance of a legal writer, nor does he allege a specific barrier or infirmity that would render him unable to prepare his own legal pleadings.[2] For example, Plaintiff does not claim that he is unable to read or write, or that he suffers from some physical or mental impairment that would prevent him from preparing his own motion for relief from judgment. Nor does Plaintiff allege that the law library was inadequate or otherwise lacked the necessary resources for him to prepare a motion for relief from judgment presenting his newly discovered evidence. Plaintiff, therefore, fails to allege or show that Defendant Novak denied him meaningful access to the courts. *See Taylor*, 649 F.3d at 453 (Prisoner was not denied meaningful access to the courts despite the alleged lack of a "legal writer"; he made no other claim as to the adequacy of his prison's law library.).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

---

[2] Plaintiff does not allege that he had the assistance of a legal writer or other prisoner with legal expertise in the preparation of the complaint in the instant action. While the complaint ultimately fails to state a claim, it is well written and clearly articulates Plaintiff's claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 10, 2014                     /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE